IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rhashann Richardson, | : | |
| Petitioner | : | Case No. 2:14-cv-1691 |
| v. | : | Judge Sargus |
| Jason Bunting, Warden, | : | Magistrate Judge Abel |
| Respondent | : | |

## Report and Recommendation

Petitioner Rhashann Richardson, a prisoner at the Marion Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254.  This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on June 1, 2014 petitioner Richardson was convicted in the Court of Common Pleas for Franklin County, Ohio of murder with a one year gun specification.  He was sentenced to a term of 15 years to life in prison. He did not appeal the sentence. In this federal habeas corpus action, petitioner alleges that he never orally entered a guilty plea.

Some nine years after he was sentenced, Richardson filed motions in the trial court alleging for the first time that although he signed a written plea agreement that he acknowledged in open court, he had not orally pleaded guilty. On September 19, 2013 the trial court filed a Decision and Entry holding that the claim was without merit. Specifically, the decision refers to the transcript of the plea proceeding during which the trial judge asked

Richardson if he understood that he was pleading guilty. Richardson responded, "Yes, sir." Further, at the end of the plea proceeding, the judge told Richardson that he accepted his guilty plea.[1] Richardson appealed that decision; and on February 26, 2014, the Ohio Court of Appeals for the Tenth District affirmed the decision of the trial court. Petitioner sought leave to appeal to the Supreme Court of Ohio, which declined to hear the appeal by on order entered May 28, 2014. (Docket, *State v. Rhashann Richardson*, 03 CR 1670 (Fr. Cty. C. P. Court. 2003)(http://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ caseSearch?3yGbyIVpopVnwa9iwzxB)(Last accessed November 9, 2014.)

The fact findings made by the Ohio trial court and the court of appeals are presumed to be correct in federal habeas corpus. 28 U.S.C. § 2254(e)(1). Here the Ohio courts' finding that Richardson pleaded guilty is supported by their reading of the guilty plea transcript and the fact that petitioner did not appeal his conviction and sentence. Consequently, petitioner's claim that he did not plead guilty lacks merit.

Alternatively, the petition is barred by the statute of limitations. The petition for writ of habeas corpus herein was filed August 7, 2014.[2] Under the provisions of 28 U.S.C. §2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus. The limitation period begins to run from the date the judgment became final. 28 U.S.C. §2244(d)(1)(A). Petitioner did not file a direct appeal; so his conviction became in 2004. He had one year from the date his conviction became final by con-

---

[1]Petition, Doc. 1, PageID 8.

[2]This is the date petitioner executed the petition. *Id.*, PageID 25.

clusion of direct review to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1)(A).  He failed to do so.  Further, the petition fails to allege any extraordinary circumstances, beyond petitioner's control, that made it impossible to file a petition on time.  See, *Calderon v. United States District Court*, 112 F.3d 386, 391-92 (9th Cir. 1997).

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED because the petition lacks merit and, alternatively, for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge